IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00090-MR

| | |
|---|---|
| DEREK WEST WARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| STATE OF NORTH CAROLINA, ) | **ORDER** |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1].[1]

**I.   BACKGROUND**

The pro se Petitioner is a state pretrial detainee, having been charged in 2010 with first-degree murder and first-degree rape in Mecklenburg County Superior Court.[2] Petitioner was appointed counsel, who moved to have him evaluated for competency in August 2010. [3:14-cv-397, Doc. 5-4]; Fed. R. Ev. 201. The court granted the motion, and a forensic evaluation was conducted. [Id.]. Petitioner was found incompetent to proceed. [Id.,

---

[1] Petitioner has been ordered to pay the filing fee in full. [See Doc. 4].

[2] Mecklenburg County Case Nos. 10CRS224332 and 10CRS224334.

Doc. 5-5]. He was involuntarily committed in October 2010, and has been force-medicated since 2011. [Id., Docs. 5-5, 5-14]. Petitioner was transferred to the North Carolina Central Prison Hospital under a Safekeeping Order in January 2012, after Petitioner violently attacked a nurse. [Id. Doc. 5-14].

Petitioner previously filed habeas petitions pursuant to 28 U.S.C. § 2254 in this Court contesting his continued detention, Civil Case Nos. 3:13-cv-673-FDW and 3:14-cv-397-FDW. Both cases were dismissed because Petitioner had failed to exhaust his administrative remedies. [3:13-cv-67, Doc. 2; 3:14-cv-397, Doc. 8].

Petitioner, who is still being held at the North Carolina Central Prison, filed the instant § 2241 Petition on February 11, 2023.[3] [Doc. 1]. He claims that he has been denied a fair and speedy trial; has not had the opportunity to face his accusers; is being held in cruel and unusual conditions of confinement; is being denied the pursuit of happiness and is being defamed; and has not been afforded due process. [Id.]. He claims that he filed a "motion to proceed and a motion to dismiss" in the Mecklenburg County

---

[3] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule).

Superior Court on September 21, 2022,[4] and he has received "zero response." [Doc. 1 at 2]. For relief, he states:

> I want all said charges and any that may have accrued over these years fighting for my life held on these fraudulent unmerited charges vacated. And my freedom of an American Citizen Granted and freed of any and all bondage of imprisonment of any kind. A public apology would do well but is not needed. I'm sure tort reliefs should be granted. I want to go on with my life what is left of it.

[Id. at 7].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the

---

[4] The Petition contains a typographical error in that Petitioner claims to have filed for relief on "9/21/2023."

governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2241, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for writ of habeas corpus are property brought under § 2241 because it "applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)). The Fourth Circuit has noted a distinction between speedy trial claims attempting to dismiss an indictment or to prevent a prosecution, and claims attempting to force the state to go to trial. Only the latter is appropriate for pretrial resolution. See Dickerson, 816 F.2d at 226 ("pre-trial habeas relief is generally not available to consider a petitioner's claim that a state is barred from trying him because it has violated his sixth amendment right to a speedy trial"). Here, the Petitioner does not seek a speedy trial; he seeks the dismissal of his criminal

4

charges. [Doc. 1 at 7]. However, such relief is not available in this § 2241 proceeding.[5] Id.

To the extent that the Petitioner is attempting to challenge the conditions of his confinement, he must do so, if at all, in a separate civil action.[6] See generally 42 U.S.C. § 1983; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (challenges to conditions of confinement are properly brought in a civil rights complaint).

The present Petition seeks relief that is not available on § 2241 review. Accordingly, the Petition is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2241 Petition is dismissed without prejudice in accordance with the terms of this Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**.

---

[5] Petitioner's claims also appear to be unexhausted and barred by the Younger abstention doctrine. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-92 (1973) (addressing a pretrial detainee's section 2241 petition only after concluding petitioner had exhausted all available state court remedies for consideration of his constitutional claim); Younger v. Harris, 401 U.S. 37, 43 (1971) (generally prohibiting federal courts from intervening in ongoing state criminal proceedings).

[6] The Court makes no determinations about the potential merit or procedural viability of such an action.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

The Clerk is respectfully directed to mail Petitioner a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge